# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

Tracey Smith,

    Plaintiff,

vs.

Experian Information Solutions, Inc.,
Equifax Information Services, LLC,
Trans Union, LLC, and
National Credit Systems, Inc.,
a Georgia corporation,

    Defendants.

Case No.:

**COMPLAINT**

**JURY TRIAL DEMAND**

## COMPLAINT AND DEMAND FOR JURY

NOW COMES THE PLAINTIFF, TRACEY SMITH, BY AND THROUGH COUNSEL, Daniel M. Brennan and for her Complaint against the Defendants, pleads as follows:

### JURSIDICTION

1. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]) and violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## VENUE

2. The transactions and occurrences which give rise to this action occurred in the City of Kissimmee, Osceola County Florida.

3. Venue is proper in the Middle District of Florida, Orlando Division.

## PARTIES

4. Plaintiff is a natural person residing in the City of Kissimmee, Osceola County, Florida.

5. The Defendants to this lawsuit are:

    a. Experian Information Solutions, Inc. ("Experian"), which is an Ohio corporation that conducts business in the state of Florida;

    b. Equifax Information Services, LLC ("Equifax"), which is a Georgia limited liability company that conducts business in the state of Florida;

    c. Trans Union, LLC ("Trans Union"), which is a Delaware limited liability company that conducts business in the state of Florida; and

    d. National Credit Systems, Inc. ("National Credit Systems"), which is a Georgia corporation that conducts business in the state of Florida.

## GENERAL ALLEGATIONS

6. National Credit Systems is reporting an erroneous account ("False Tradeline") on Plaintiff's Experian, Equifax, and Trans Union ("CRAs") credit disclosures.

7. National Credit Systems is reporting its False Tradeline with a balance of $3,414.00. Plaintiff does not owe the debt reflected by the False Tradeline.

8. In 2016, Plaintiff was sued for the debt, for possession of the apartment by Coastal Line. Coastal Line is the same company as Windy Pines, the original creditor that appears on Plaintiff's credit disclosures. A final judgment was entered against Plaintiff for possession only. The court did not award a monetary judgment to Coastal Line.

9. On July 15, 2020, Plaintiff obtained her credit disclosures from the CRAs and noticed the False Tradeline.

10. On or about November 9, 2020, Plaintiff submitted letters to the CRAs, disputing the False Tradeline.

11. In her dispute letter to the CRAs, Plaintiff explained that she does not owe the debt reflected by the False Tradeline. A final judgment was entered against Plaintiff for possession only. She asked the CRAs to delete the False Tradeline.

12. The CRAs forwarded Plaintiff's consumer dispute to National Credit Systems.

13. National Credit Systems received Plaintiff's consumer dispute from the CRAs.

14. In response to Plaintiff's dispute National Credit Systems verified to the CRAs that its reporting of its False Tradeline was accurate.

15. Plaintiff had not received the CRAs' investigation results. Therefore, on February 11, 2021, Plaintiff obtained her Experian, Equifax, and Trans Union credit disclosures, which showed that the CRAs and National Credit Systems failed or refused to delete the False Tradeline.

16. The False Tradeline is false and misleading.  It is also driving the Plaintiff's credit score down making it harder for her to obtain credit to obtain jobs, housing and meet living expenses.

17. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
BY NATIONAL CREDIT SYSTEMS**

18. Plaintiff realleges paragraphs 6-17 as if recited verbatim.

19. After being informed by the CRAs of Plaintiff's consumer dispute of the False Tradeline, National Credit Systems negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 U.S.C. § 1681s-2(b).

20. National Credit Systems negligently failed to review all relevant information available to it and provided by the CRAs in conducting its reinvestigation as required by 15 U.S.C. § 1681s-2(b).  Specifically, it failed to direct the CRAs to delete the False Tradeline.

21. The False Tradeline is inaccurate and creating a misleading impression on Plaintiff's consumer credit file with CRAs to which it is reporting such tradeline.

22. As a direct and proximate cause of National Credit Systems negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

23. National Credit Systems is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

24. Plaintiff has a private right of action to assert claims against National Credit Systems arising under 15 U.S.C. § 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant National Credit Systems for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NATIONAL CREDIT SYSTEMS

25. Plaintiff realleges Paragraphs 6-17 as if recited verbatim.

26. After being informed by CRAs that Plaintiff disputed the accuracy of the information it was providing, National Credit Systems willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

27. National Credit Systems willfully failed to review all relevant information available to it and provided by the CRAs as required by 15 U.S.C. § 1681s-2(b).

28. As a direct and proximate cause of National Credit Systems willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

29. National Credit Systems is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15

U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant National Credit Systems for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

30. Plaintiff realleges Paragraphs 6-17 as if recited verbatim.

31. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

32. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

33. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

34. After receiving Plaintiff's consumer dispute to the False Tradeline, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

35. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

36. Experian is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN**

37. Plaintiff realleges Paragraphs 6-17 as if recited verbatim.

38. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

39. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

40. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

41. After receiving Plaintiff's consumer dispute to the False Tradeline, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

42. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

43. Experian is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT V

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

44. Plaintiff realleges Paragraphs 6-17 as if recited verbatim.

45. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

46. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

47. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

48. After receiving Plaintiff's consumer dispute to the False Tradeline, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

49. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

50. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

51. Plaintiff realleges Paragraphs 6-17 as if recited verbatim.

52. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

53. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

54. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

55. After receiving Plaintiff's consumer dispute to the False Tradeline, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

56. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

57. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT VII

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

58. Plaintiff realleges Paragraphs 6-17 as if recited verbatim.

59. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

60. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

61. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

62. After receiving Plaintiff's consumer dispute to the False Tradeline, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

63. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

64. Trans Union is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

### COUNT VIII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

65. Plaintiff realleges Paragraphs 6-17 as if recited verbatim.

66. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

67. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

68. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

69. After receiving Plaintiff's consumer dispute to the False Tradeline, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

70. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

71. Trans Union is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT IX

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT BY NATIONAL CREDIT SYSTEMS

71. Plaintiff realleges Paragraphs 6-17 as if recited verbatim.

72. At all relevant times, National Credit Systems, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

73. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

74. National Credit Systems is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

75. National Credit System's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. §1692e(8) by communicating to any person credit information, which is known to be false or should be known to be false.

76. To date, and a direct and proximate cause of the National Credit System's failure to honor its statutory obligations under the FDCPA, the Plaintiff has continued to suffer from a degraded credit report and credit score.

77. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against National Credit Systems for actual damages, costs, interest, and attorneys' fees.

## **JURY DEMAND**

Plaintiff hereby demands a trial by Jury.

DATED: April 30, 2021

**By: /s/ Daniel Brennan**
Daniel Brennan
Bar Number 43395
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840
E-Mail: daniel@crlam.com
*Attorney(s) for Plaintiff,*
*Tracey Smith*